**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50416 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-04640-WQH-3 |
| v. | |
| CHARLIE RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 7, 2013[**]
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Charlie Rodriguez appeals his conviction for importing marijuana into the

United States. He argues the district court's exclusion of certain evidence from his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jury trial violated his Fifth and Sixth Amendment rights to present a complete defense and to confront witnesses. We affirm.

The evidence Rodriguez sought to introduce was irrelevant because it would not have tended to make Rodriguez's guilt less probable. *See* Fed. R. Evid. 401. The importing courier was permitted to drop off the car containing the contraband so agents could see who came to retrieve it on the United States side of the Mexican border. That the government elected not to prosecute the person who carried the marijuana across the border, possibly because that person was an "unknowing courier," in the words of Rodriguez's brief, did not speak to Rodriguez's knowledge of the marijuana. He was not accused of carrying the marijuana across the border, so the alleged reason for keeping the courier ignorant did not apply to him. The district court invited defense counsel to provide the court with reasons why the excluded evidence was relevant, and none were given. That Rodriguez did not have other evidence to offer did not make this evidence any more relevant. Further, the evidence could have resulted in confusion and undue delay, as it would have invited a mini-trial on the knowledge of the courier and the motivation of the government in deciding not to prosecute him. *See* Fed. R. Evid. 403.

Even if the exclusion were erroneous, it was harmless because there is no reason to think that admission of the evidence would have resulted in a different verdict. The evidence against Rodriguez was substantial, and the evidentiary weight of the excluded evidence was slight. *United States v. Larson*, 495 F.3d 1094, 1107–08 (9th Cir. 2007) (en banc) (discussing the factors to be considered when assessing harmless error).

A defendant's right to present a complete defense is not violated simply because tangential evidence is excluded from the proceeding. *See United States v. Perkins*, 937 F.2d 1397, 1401 (9th Cir. 1991) (holding that the defendant "cannot transform the exclusion of this evidence into constitutional error by arguing that he was deprived of his right to present a defense"). Rodriguez was still able to argue that he did not know about the marijuana in the car.

Rodriguez's Confrontation Clause claim is also without merit. Rodriguez did not object at trial based on the Confrontation Clause and is unspecific on appeal as to exactly how it was violated. The reason the government chose for not pursuing the courier was irrelevant. Rodriguez was permitted to ask the officer to confirm that the courier was allowed to return to Mexico, and defense counsel said that was all he was trying to elicit. Further examination would not have impeached the officer's credibility or enlightened the jury as to Rodriguez's knowledge. The

3

district court did not abuse its discretion in excluding this question. *See Larson*, 495 F.3d at 1101, 1108.

**AFFIRMED.**